NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-760

COMMONWEALTH

vs.

EDGAR A. LOPEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2019, the defendant, Edgar A. Lopez, admitted to sufficient facts on one charge of assault and battery on a family or household member, in violation of G. L. c. 265, § 13M (a) (ABFHM). A District Court judge continued the case without a finding, and the charge was dismissed one year later following the defendant's successful completion of probation. In 2025, the defendant filed a motion to withdraw his admission to sufficient facts and for a new trial on the ground that the attorney who represented him at the change of plea hearing (plea counsel) failed to advise him adequately concerning the potential immigration consequences of his plea, violating his right to effective assistance of counsel. After an evidentiary

hearing, the same judge who had accepted the defendant's admission denied the motion. We affirm.

1. Background. The defendant is a native and citizen of Guatemala. He fled Guatemala in 2005, when he was about seventeen years old, and sought asylum in the United States. The defendant avers that he immediately sought asylum, and that his application for asylum has been pending ever since.

In 2018, the defendant was arrested and subsequently charged with committing ABFHM against his then wife. He was also charged with strangulation or suffocation in violation of G. L. c. 265, § 15D (b). Plea counsel was appointed to represent him.

Rather than proceed to trial, in June 2019 the defendant reached an agreement with the Commonwealth: in return for his acceptance of responsibility on the ABFHM charge, the charge for strangulation or suffocation would be dismissed. The defendant requested a continuance without a finding for one year; the Commonwealth requested a guilty finding and an eighteen-month term of probation. The judge accepted the defendant's recommendation. At the hearing, plea counsel represented that he had discussed the immigration consequences of the disposition with the defendant; the defendant stated that he understood this advice. The defendant successfully completed his probationary period, and in July 2020 the ABFHM charge was dismissed.

2

In February 2025, the defendant filed a motion to vacate his admission.  In his affidavit supporting the motion, the defendant claimed that plea counsel never asked about his immigration status or whether he was a United States citizen, that immigration consequences were never discussed, that counsel never told him "there were devastating immigration consequences to making an admission to a crime of domestic violence," and that he was not told that he "would be deported based on the plea [he] took in this matter."  He also stated that plea counsel did not advise him how the admission would affect his pending asylum application.

The same judge who had accepted the defendant's admission held an evidentiary hearing at which plea counsel testified; the defendant rested on his affidavit.  The judge declined to credit the "self-serving statements in [the defendant's] affidavit . . . concerning the lack of advice" he received from plea counsel.  Rather, the judge credited the affidavit and testimony of plea counsel, which showed that plea counsel learned on the very day of arraignment that the defendant was not a United States citizen, was from Guatemala, and had only a work permit. The judge found that the defendant was advised that the charges against him were "very serious," that they would carry "severe deportation consequences and that he should contact an immigration attorney," and that tendering an admission on the

3

ABFHM charge would mean "almost definite deportation."  The judge also credited plea counsel's testimony that he reviewed the plea sheet with the defendant, which included the statutory immigration warnings regarding deportation, exclusion from admission, and denial of naturalization.  Rejecting the defendant's claim that plea counsel never discussed the consequences of the admission, the judge found that plea counsel repeatedly advised the defendant "about the likelihood of deportation as a consequence of any plea disposition." Accordingly, the judge found that the defendant failed to raise a credible claim that plea counsel's performance was ineffective.  The judge likewise found that the defendant had not carried his burden to prove prejudice, primarily because he lacked any substantial ground of defense and the "compelling factor" in his decision to admit to sufficient facts was to avoid a jail sentence.

2.  Discussion.  An admission to sufficient facts is "the functional equivalent of a guilty plea." Commonwealth v. Greene, 400 Mass. 144, 145 (1987).  See Commonwealth v. Furr, 454 Mass. 101, 101 n.1 (2009).  "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001)." Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014).

4

The defendant argues that plea counsel was ineffective because he did not advise the defendant that a noncitizen who does not plead guilty, but merely admits to sufficient facts, on a charge of domestic violence is deportable under the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(i). See Commonwealth v. Barros, 494 Mass. 100, 104 (2024). This is true "notwithstanding the fact that the underlying charge has been or will be dismissed." Commonwealth v. Villalobos, 437 Mass. 797, 803 (2002). In addition, the defendant argues that plea counsel did not sufficiently investigate or advise him how the admission would affect his status as an asylum seeker.[1] Had he been so advised, the defendant contends, he would not have admitted his guilt but instead would have proceeded to trial.

To succeed on a motion to vacate a guilty plea based on ineffective assistance of counsel, the defendant must show both deficient performance and prejudice. See Commonwealth v. Clarke, 460 Mass. 30, 46-47 (2011). That is, the defendant must demonstrate that plea counsel failed to give him

_____

[1] The Commonwealth argues that the only evidence that the defendant had a pending application for asylum was his affidavit, which the judge discredited. For the purposes of this appeal, we assume that the defendant had a pending asylum application at the time of the plea. Likewise, we assume that the admission to sufficient facts made the defendant "inadmissible," meaning ineligible to receive a visa or to be admitted to the United States, under 8 U.S.C. § 1182(a)(2)(A), and made him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

5

constitutionally adequate advice and that he would have insisted on going to trial had he been competently counseled.  See Commonwealth v. Sylvain, 466 Mass. 422, 437-438 (2013); Commonwealth v. Henry, 88 Mass. App. Ct. 446, 451-452, 455 (2015).  The defendant bears the burden of proof on this question, "and a judge is entitled to discredit affidavits he or she does not find credible."  Commonwealth v. Marinho, 464 Mass. 115, 123 (2013).  We review a judge's action on a motion to withdraw a guilty plea for an abuse of discretion or a significant error of law.  See DeJesus, 468 Mass. at 178.

a.  Counsel's performance.  In this case, the judge found that plea counsel advised the defendant that the result of his admission would be "almost definite deportation."  This advice was adequate to inform the defendant that the consequences of an admission to sufficient facts were equally severe as the consequences of a guilty plea.  To provide constitutionally adequate representation, however, plea counsel must provide advice that is specific and tailored to a defendant's particular immigration status:

> "Where a criminal defense attorney learns that his or her client is a noncitizen, the attorney must make further reasonable inquiry of the client to determine, where possible, the client's immigration status. . . .  [T]he failure of a criminal defense attorney to make a reasonable inquiry of the client regarding his or her citizenship and immigration status is sufficient to satisfy the deficient performance prong of the ineffective assistance analysis."

6

Commonwealth v. Lavrinenko, 473 Mass. 42, 52-53 (2015).

The judge found that plea counsel learned from the outset that the defendant was from Guatemala, not a United States citizen, and had a work permit. However, plea counsel admitted that he did not inquire about the defendant's specific immigration status and that he was not aware that the defendant had a pending application for asylum, and the judge made no finding to the contrary. Instead, plea counsel advised the defendant to contact an immigration attorney.

"We recognize that the ordinary, fallible criminal defense attorney may not be an expert on immigration law, but we expect such an attorney who learns of a complex immigration issue either to research the applicable immigration law or to seek guidance from an attorney knowledgeable in immigration law." Lavrinenko, 473 Mass. at 54 n.15. Here, plea counsel did not make adequate inquiry to enable him to provide advice regarding the defendant's specific circumstances. He gave no advice concerning the effect of the admission on the defendant's asylum application, or whether the plea would make the defendant ineligible for cancellation of removal. "Because plea counsel failed to make a reasonable inquiry of the defendant to learn of this 'red flag,' counsel failed to learn what he needed to know to advise his client competently regarding the immigration

7

consequences of a guilty plea."  Id. at 54.  His performance was constitutionally deficient in this regard.

b.  Prejudice.  "In the context of a guilty plea, in order to satisfy the 'prejudice' requirement, the defendant has the burden of establishing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  Clarke, 460 Mass. at 47, quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985).  The defendant "must provide sufficient 'credible facts' to demonstrate a reasonable probability that a reasonable person in the defendant's circumstances would have gone to trial if given constitutionally effective advice."  Commonwealth v. Lys, 481 Mass. 1, 7 (2018), quoting Lavrinenko, 473 Mass. at 55.  The defendant averred that if he had been informed that he was admitting "to a crime of domestic violence, a deportable offense, a crime of moral turpitude, and potentially a particularly serious crime under immigration law," and if he had been warned of the resultant "catastrophic immigration consequences of deportation, inadmissibility, denial of [his] asylum and cancellation of removal," he would have opted to take his case to trial.

The judge was explicit in stating that he did not credit the defendant's affidavit "concerning the lack of advice" from plea counsel.  It is implicit in the judge's decision that he

8

also did not believe that receiving more nuanced advice about inadmissibility, denial of asylum, or cancellation of removal would have made any difference in the defendant's decision to admit to sufficient facts. "It is not the role of this court to second-guess such credibility determinations where, as here, the record supports them." Commonwealth v. Santana, 497 Mass. 120, 137 (2026). See Commonwealth v. Vaughn, 471 Mass. 398, 405 (2015) ("the credibility, weight, and impact of the affidavits are entirely within the motion judge's discretion").

A judge evaluating prejudice must determine "whether the defendant has shown 'that a decision to reject the plea bargain would have been rational under the circumstances.'" Lys, 481 Mass. at 7, quoting Clarke, 460 Mass. at 47. A defendant may prove rationality by showing that he had an available ground of defense, a viable chance at negotiating a better plea deal, or "special circumstances" that would have caused him to place particular emphasis on immigration consequences when deciding whether to plead guilty. See Lys, supra at 10-11; Clarke, supra at 47-48. In evaluating prejudice, the judge focused on the absence of a viable ground of defense, and the defendant makes no credible argument that a viable ground of defense existed. Rather, the defendant argues that the judge failed to consider his claim of "special circumstances."

9

The defendant alleges that he would have placed special emphasis on the immigration consequences of his plea because he had fled Guatemala when he was seventeen, had lived in the United States for fourteen years, and had two young children who were United States citizens.[2]  However, "[t]he existence of special circumstances does not automatically result in prejudice."  Lys, 481 Mass. at 10.  If the defendant demonstrates special circumstances, the judge must next determine "whether, under the totality of the circumstances, there is a reasonable probability that a reasonable person in the defendant's circumstances would have gone to trial if given constitutionally effective advice."  Id. at 7-8.

We infer that the judge did not find defendant's allegations of special circumstances credible or that, under the totality of the circumstances, the defendant would have gone to trial if he had received more specific advice.  Although for some defendants, "even a small chance of acquittal may be sufficient to show that it was reasonably probable that a person in the position of the defendant would have rejected the plea and insisted on going to trial," Lavrinenko, 473 Mass. at 63,

_____

    [2] Although the defendant's brief refers to fleeing from persecution in Guatemala, his affidavit does not mention persecution, and there is no other record evidence supporting this claim.  Likewise, his affidavit focuses primarily on his current wife and his strong relationship with his stepchildren, bonds that did not exist at the time of the plea.

10

the defendant did not make that choice when he had the opportunity.  Plea counsel advised the defendant that deportation would be "almost definite," and both plea counsel and the judge warned him that deportation was "practically inevitable."  The judge also found that the defendant placed importance on avoiding a probable jail sentence.  To be sure, given current circumstances, the consequences of the defendant's admission may look much more dire today than they did in 2019.  But we cannot say the judge abused his discretion in concluding there was no reasonable probability that, at that time the defendant elected to admit to sufficient facts, better work by plea counsel would have made a difference in his decision.[3]

Order denying motion for new trial affirmed.

By the Court (Massing, Ditkoff & Hand, JJ.[4]),

Clerk

Entered:  July 6, 2026.

---

[3] The defendant also contends that because he was unaware of the immigration consequences of his admission, it was not offered knowingly and voluntarily, in violation of his due process rights.  This argument is without merit.  See Commonwealth v. Taron T., 104 Mass. App. Ct. 219, 231-233 (2024).

[4] The panelists are listed in order of seniority.